FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division) 2012 OCT -3 P 12: 35

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

---

BASCOM RESEARCH, LLC, a Virginia Limited
Liability Company

        Plaintiff,

    v.

FACEBOOK, INC., a Delaware Corporation,

Serve: Corporation Service Company
      Registered Agent
      2711 Centerville Rd, Ste. 400
      Wilmington, DE 19808

        Defendant.

Case No. 1: 12cv 1111
LMB/JFA

**JURY TRIAL DEMANDED**

---

## COMPLAINT FOR PATENT INFRINGEMENT

     Plaintiff Bascom Research, LLC ("Bascom") files this Complaint for Patent Infringement and Jury Demand against Defendant Facebook, Inc. ("Defendant" or "Facebook") and alleges as follows:

### THE PARTIES

    1.    Bascom is a Virginia limited liability company organized and existing under the laws of Virginia having a principal place of business at 7025 Elizabeth Drive, McLean, Virginia 22101.

    2.    On information and belief, Defendant is a Delaware corporation organized and existing under the laws of Delaware, with its principal place of business at 1601 Willow Road, Menlo Park, California 94025, and with additional United States offices in Atlanta, Georgia; Austin, Texas; Detroit, Michigan; Chicago, Illinois; Dallas, Texas; Los Angeles, California; Miami, Florida; New York, New York; Seattle, Washington; Washington, District of Columbia; and Prineville, Oregon.

## JURISDICTION AND VENUE

3.      This action arises under the Patent Act, 35 U.S.C. § 101 *et seq.* This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331 and 1338.

4.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and/or 1400(b).

5.      This Court has personal jurisdiction over Defendant. Upon information and belief, Defendant does business in this District and has, and continues to, infringe and/or induce the infringement in Virginia and in this District. In addition, the Court has personal jurisdiction over Defendant because it has established minimum contacts with the forum and the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

## FACTS COMMON TO ALL COUNTS

6.      On September 19, 2006, U.S. Patent No. 7,111,232 ("the '232 Patent"), entitled METHOD AND SYSTEM FOR MAKING DOCUMENT OBJECTS AVAILABLE TO USERS OF A NETWORK, was issued to Thomas Layne Bascom. A true and correct copy of the '232 Patent is attached to this Complaint as Exhibit A and is incorporated by reference herein.

7.      All rights, title, and interest in the '232 Patent have been assigned to Bascom, which is the sole owner of the '232 Patent.

8.      On November 21, 2006, U.S. Patent No. 7,139,974 ("the '974 Patent"), entitled FRAMEWORK FOR MANAGING DOCUMENT OBJECTS STORED ON A NETWORK, was issued to Thomas Layne Bascom. A true and correct copy of the '974 Patent is attached to this Complaint as Exhibit B and is incorporated by reference herein.

9.      All rights, title, and interest in the '974 Patent have been assigned to Bascom, which is the sole owner of the '974 Patent.

10.     On January 2, 2007, U.S. Patent No. 7,158,971 ("the '971 Patent"), entitled METHOD FOR SEARCHING DOCUMENT OBJECTS ON A NETWORK, was issued to Thomas Layne

- 2 -

Bascom. A true and correct copy of the '971 Patent is attached to this Complaint as Exhibit C and is incorporated by reference herein.

11.     All rights, title, and interest in the '971 Patent have been assigned to Bascom, which is the sole owner of the '971 Patent.

12.     On June 17, 2008, U.S. Patent No. 7,389,241 ("the '241 Patent"), entitled METHOD FOR USERS OF A NETWORK TO PROVIDE OTHER USERS WITH ACCESS TO LINK RELATIONSHIPS BETWEEN DOCUMENTS, was issued to Thomas Layne Bascom. A true and correct copy of the '241 Patent is attached to this Complaint as Exhibit D and is incorporated by reference herein.

13.     All rights, title, and interest in the '241 Patent have been assigned to Bascom, which is the sole owner of the '241 Patent.

14.     Defendant owns and operates the website located on the Worldwide Web at the web address of www.facebook.com (the "Facebook website").

15.     On information and belief, Defendant operates a data center in the state of Virginia, in this District, that is affiliated with the Facebook website.

16.     On information and belief, Defendant has been registered to do business in the state of Virginia with the Commonwealth of Virginia's State Corporate Commission (SCC Identification Number F1789017) since at least April 30, 2009.

17.     The Facebook website is a social networking platform that allows its users to create their own personal profiles, link with their friends, acquaintances, co-workers, etc., join common-interest user groups, and share a variety of content. The Facebook website is built on a social graph, elements of which can be queried and represented using the Graph Application Programming Interface (API). The Graph API uniformly represents objects in the graph (e.g., people, photos, events, and

- 3 -

pages) and the connections between them (e.g. friend relationships, shared content, photo tags, etc.). Each of these objects is represented with a unique identification that corresponds to the URL for said object.



http://developers.facebook.com/docs/reference/api/

18.    The objects in the social graph available to users and/or third-party developers include, but are not limited to: Album, Application, Checkin, Comment, Domain, Event, Friendlist, Group, Insights, Link, Message, Note, Offer, Order, Page, Photo, Post, Question, Question Option, Review, Status message, Thread, User, and Video. Each object has a variety of fields that correspond to data relating to the object. For example, the User object contains at least 37 data fields which are exposed by the Graph API to users and third parties (including application developers and advertisers).

19.    All of the objects in the social graph are linked to each other via relationships, which

are sometimes referred to as "connections" by Facebook.

All of the objects in the Facebook social graph are connected to each other via relationships. Bret Taylor is a fan of the Coca-Cola page, and Bret Taylor and Arjun Banker are friends. We call those relationships *connections* in our API. You can examine the connections between objects using the URL structure https://graph.facebook.com/ID/CONNECTION_TYPE. The connections supported for people and pages include:

- Friends: https://graph.facebook.com/me/**friends**?access_token=...
- News feed (this is an outdated view, does not reflect the News Feed on facebook.com):
  https://graph.facebook.com/me/**home**?access_token=...
- Profile feed (Wall): https://graph.facebook.com/me/**feed**?access_token=...
- Likes: https://graph.facebook.com/me/**likes**?access_token=...
- Movies: https://graph.facebook.com/me/**movies**?access_token=...
- Music: https://graph.facebook.com/me/**music**?access_token=...
- Books: https://graph.facebook.com/me/**books**?access_token=...
- Notes: https://graph.facebook.com/me/**notes**?access_token=...
- Permissions: https://graph.facebook.com/me/**permissions**?access_token=...
- Photo Tags: https://graph.facebook.com/me/**photos**?access_token=...
- Photo Albums: https://graph.facebook.com/me/**albums**?access_token=...
- Video Tags: https://graph.facebook.com/me/**videos**?access_token=...
- Video Uploads: https://graph.facebook.com/me/**videos/uploaded**?access_token=...
- Events: https://graph.facebook.com/me/**events**?access_token=...
- Groups: https://graph.facebook.com/me/**groups**?access_token=...
- Checkins: https://graph.facebook.com/me/**checkins**?access_token=...
- Objects with Location: https://graph.facebook.com/me/**locations**?access_token=...

http://developers.facebook.com/docs/reference/api/

For example, the connections for the User object that are available to third-party developers includes

Friends, News Feed, Profile Feed, Likes, Movies, Music, Books, Notes, Permissions, Photo Tags,

Photo Albums, Video Tags, Video Uploads, Events, Groups, Checkins, and Objects with Location.

These connections can be used for sharing document objects with third parties such as additional users,

third party developers, and/or advertisers.  Additionally, the connections can be created between

objects stored within Facebook and third party websites.  For example, a user can "like" an article,

movie trailer, or even a recipe that is on another website and Facebook can create a connection within

the Facebook Platform.

20.    Upon information and belief, there are additional objects and connections available to developers employed by Facebook that are not available to third-party developers or the general public. Accordingly, the above listed objects and connections are exemplary and not limiting.

21.    The objects and connections in the social graph can be manipulated using the Open Graph. The Open Graph allows applications to model user activities based on objects and actions. Objects in the Open Graph represent entities that are available for user interaction. Actions in the Open Graph represent high-level interactions available to the user. An Open Graph application may generate a connection between two objects in response to user interaction. The generation of the connection between the two objects may then appear in the Facebook user's News Feed, Ticker and/or the User's Timeline.

22.    Notably, the Graph API, Facebook Query Language (FQL) and Open Graph are used for the framework of Facebook and marketed to third-party developers. However, any descriptions of these mechanisms are not intended to be limiting. Instead, the descriptions of these mechanisms are intended to demonstrate the existence of components that are contained within the backend infrastructure that supports and underpins the Facebook website. Thus, the analysis provided herein is relevant to the Facebook Platform, including the Facebook website, as a whole and is not limited to third-party development tools. Furthermore, upon information and belief, developers employed by Facebook utilize similar, if not the same mechanisms, in order to develop and maintain the Facebook Platform, including the Facebook website.

23.    Facebook requires its users to activate an account in order to use the Facebook website. Activation of an account requires a user to agree to terms and conditions that dictate how they use the Facebook website. Facebook generates a unique User object for each account which contains the personal information of the user. Facebook also generates connections for each User object that

- 6 -

associates the User object with other objects in the Facebook social graph. The establishment of these objects and connections may generate activity on the Facebook website which is viewable to the user and/or other users of the Facebook website. Facebook provides detailed instructions to its users regarding all aspects of the Facebook website that results in the generation of objects, connections and activity on the Facebook website. These instructions can be found at http://www.facebook.com/help.

    24.    Facebook also permits third-party developers to access and use the Facebook website. In doing so, Facebook requires third-party developers to agree to terms and conditions that dictate how the developers access and use the Facebook website. Third-party developers have access to a variety of objects and connections in order to build applications and websites that integrate with the Facebook website. Applications and websites that integrate with the Facebook website utilize the Facebook Platform.

    25.    The Facebook Platform includes the Facebook website as well as the set of development tools and APIs that are provided to third-party developers. Facebook provides detailed instructions to developers to enable them to integrate with the Facebook website to create social applications and websites to reach its users. These instructions can be found at http://developers.facebook.com.

    26.    The Facebook Platform also allows advertisers to build a Facebook webpage and connect with an audience. These ads can utilize the collection of Facebook's connections and even Facebook's collection of user actions. The strategy of advertising on Facebook allows the ads to reach a specific targeted audience based on the connections of specific Facebook users. Facebook bills the advertisers to generate revenue.

-7-

27.     On information and belief, Defendant has been and is now infringing the '232 Patent, the '974 Patent, the '241 Patent and the '971 Patent (collectively "the Patents-In-Suit") in the state of Virginia, in this judicial District, and elsewhere in the United States by, among other things, making, using, and operating the claimed system and methods on the Facebook Platform. Reference to the Facebook Platform includes the Facebook website, as well as the set of development tools and APIs that Facebook provides to third-party developers.

28.     By way of non-limiting example, as discussed above, the Facebook Platform includes a number of document objects that represent various entities and things. The Facebook Platform also contains a number of linking relationships that logically connect the document objects to each other. These linking relationships contain a variety of attributes that describe the linking relationship. By way of non-limiting example, these attributes may be found in the social graph of the Facebook Platform which may be represented using the Graph API and may be manipulated using the Open Graph. Each of the elements of the social graph, including the link relationships, may be retrieved using a unique identifier and presented based on the particular implementation of the application. Furthermore, users of the Facebook Platform are given the ability to access objects based on their relationship to other objects. For at least these reasons, the Facebook Platform infringes the Patents-In-Suit.

29.     In addition to directly infringing the Patents-In-Suit pursuant to 35 U.S.C. § 271(a) either literally or under the doctrine of equivalents, Defendant indirectly infringes the Patents-In-Suit pursuant to 35 U.S.C. § 271(b) by instructing, directing and/or requiring others, including its users and developers, to perform all or some of the steps of the method claims, either literally or under the doctrine of equivalents, of the Patents-In-Suit

### COUNT I
### (Infringement of the '232 Patent)

- 8 -

30.     Bascom repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

31.     Bascom is informed and believes Defendant has infringed and continues to infringe, and has actively and knowingly induced and continues to actively and knowingly induce infringement of one or more claims of the '232 Patent, all in violation of 35 U.S.C. § 271(a)(b)

32.     Bascom is informed and believes Defendant's infringement is based upon literal infringement or, in the alternative, infringement under the doctrine of equivalents.

33.     Defendant's acts of making, using, importing, selling, and/or offering for sale infringing products and services have been without the permission, consent, authorization or license of Bascom.

34.     Defendant's infringement includes, but is not limited to, the manufacture, use, sale, importation and/or offer for sale of Defendant's products and services, including but not limited to the Facebook Platform and website located on the Worldwide Web at the web address www.facebook.com, which embody the patented invention of the '232 Patent.

35.     Bascom is informed and believes, and based thereon alleges, that Defendant has induced and continues to induce others to infringe the '232 Patent under 35 U.S.C. § 271(b) by actively and intentionally aiding and abetting others, including its users and developers, to infringe.

36.     Bascom is informed and believes that as a result of Defendant's unlawful activities, Bascom has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.  Accordingly, Bascom is entitled to preliminary and/or permanent injunctive relief.

37.     Bascom is informed and believes that Defendant's infringement of the '232 Patent has injured and continues to injure Bascom in an amount to be proven at trial.

## COUNT II
### (Infringement of the '974 Patent)

38.     Bascom repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

39.     Bascom is informed and believes Defendant has infringed and continues to infringe, and has actively and knowingly induced and continues to actively and knowingly induce infringement of one or more claims of the '974 Patent, all in violation of 35 U.S.C. § 271(a)(b).

40.     Bascom is informed and believes Defendant's infringement is based upon literal infringement or, in the alternative, infringement under the doctrine of equivalents.

41.     Defendant's acts of making, using, importing, selling, and/or offering for sale infringing products and services have been without the permission, consent, authorization or license of Bascom.

42.     Defendant's infringement includes, but is not limited to, the manufacture, use, sale, importation and/or offer for sale of Defendant's products and services, including but not limited to the Facebook website locate on the Worldwide Web at the web address www.facebook.com, which embody the patented invention of the '974 Patent.

43.     Bascom is informed and believes, and based thereon alleges, that Defendant has induced and continues to induce others to infringe the '974 Patent under 35 U.S.C. § 271(b) by actively and intentionally aiding and abetting others, including its users and developers, to infringe.

44.     Bascom is informed and believes that as a result of Defendant's unlawful activities, Bascom has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.  Accordingly, Bascom is entitled to preliminary and/or permanent injunctive relief.

45.     Bascom is informed and believes that Defendant's infringement of the '974 Patent has injured and continues to injure Bascom in an amount to be proven at trial.

## COUNT III
### (Infringement of the '241 Patent)

46.     Bascom repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

47.     Bascom is informed and believes Defendant has infringed and continues to infringe, and has actively and knowingly induced and continues to actively and knowingly induce infringement of one or more claims of the '241 Patent, all in violation of 35 U.S.C. § 271(a)(b).

48.     Bascom is informed and believes Defendant's infringement is based upon literal infringement or, in the alternative, infringement under the doctrine of equivalents.

49.     Defendant's acts of making, using, importing, selling, and/or offering for sale infringing products and services have been without the permission, consent, authorization or license of Bascom.

50.     Defendant's infringement includes, but is not limited to, the manufacture, use, sale, importation and/or offer for sale of Defendant's products and services, including but not limited to the Facebook website locate on the Worldwide Web at the web address www.facebook.com, which embody the patented invention of the '241 Patent.

51.     Bascom is informed and believes, and based thereon alleges, that Defendant has induced and continues to induce others to infringe the '241 Patent under 35 U.S.C. § 271(b) by actively and intentionally aiding and abetting others, including its users and developers, to infringe.

52.     Bascom is informed and believes that as a result of Defendant's unlawful activities, Bascom has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.  Accordingly, Bascom is entitled to preliminary and/or permanent injunctive relief.

53.     Bascom is informed and believes that Defendant's infringement of the '241 Patent has injured and continues to injure Bascom in an amount to be proven at trial.

## COUNT IV
### (Infringement of the '971 Patent)

54.     Bascom repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

55.     Bascom is informed and believes Defendant has infringed and continues to infringe, and has actively and knowingly induced and continues to actively and knowingly induce infringement of one or more claims of the '971 Patent, all in violation of 35 U.S.C. § 271.

56.     Bascom is informed and believes Defendant's infringement is based upon literal infringement or, in the alternative, infringement under the doctrine of equivalents.

57.     Defendant's acts of making, using, importing, selling, and/or offering for sale infringing products and services have been without the permission, consent, authorization or license of Bascom.

58.     Defendant's infringement includes, but is not limited to, the manufacture, use, sale, importation and/or offer for sale of Defendant's products and services, including but not limited to the Facebook website locate on the Worldwide Web at the web address www.facebook.com, which embody the patented invention of the '971 Patent.

59.     Bascom is informed and believes, and based thereon alleges, that Defendant has induced and continues to induce others to infringe the '971 Patent under 35 U.S.C. § 271(b) by actively and intentionally aiding and abetting others, including its users and developers, to infringe.

60.     Bascom is informed and believes that as a result of Defendant's unlawful activities, Bascom has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law. Accordingly, Bascom is entitled to preliminary and/or permanent injunctive relief.

61.     Bascom is informed and believes that Defendant's infringement of the '971 Patent has injured and continues to injure Bascom in an amount to be proven at trial.

- 12 -

## PRAYER FOR RELIEF

WHEREFORE, Bascom prays for judgment and relief as follows:

A.      An entry of judgment holding Defendant has infringed, is infringing, and has induced infringement of the '232 Patent, '974 Patent, '241 Patent, and '971 Patent.

B.      A preliminary and permanent injunction against Defendant and its officers, employees, agents, servants, attorneys, instrumentalities, and/or those in privity with them, from infringing, or inducing the infringement of the '232 Patent, '974 Patent, '241 Patent, and/or the '971 Patent, and for all further and proper injunctive relief pursuant to 35 U.S.C. § 283;

C.      An award to Bascom of such damages as it shall prove at trial against Defendant that is adequate to fully compensate Bascom for Defendant's infringement of the '232 Patent, '974 Patent, '241 Patent, and '971 Patent, said damages to be no less than a reasonable royalty;

D.      An award to Bascom for Defendant's willful infringement of treble damages so determined, as provided by 35 U.S.C. § 284, together with post-judgment interest and prejudgment interest from the first date of infringement of the '232 Patent, '974 Patent, '241 Patent, and '971 Patent;

E.      A finding that this case is "exceptional" and an award to Bascom of its costs and reasonable attorney's fees, as provided by 35 U.S.C. § 285.

F.      An accounting of all infringing sales and revenues; and

G.      Such further and other relief as the Court may deem proper and just.

## DEMAND FOR JURY TRIAL

Bascom demands a jury trial on all issues so triable.

Respectfully submitted,

BASCOM RESEARCH, LLC
By Counsel

- 13 -

Date:   October 3, 2012

BLANKINGSHIP & KEITH, P. C.
4020 University Drive, Suite 300
Fairfax, Virginia 22030
Phone: 703-691-1235
Fax: 703-691-3913


By:   _____
       John A.C. Keith, VSB No. 14116
       jkeith@blankeith.com
       William B. Porter, VSB No. 41798
       wporter@blankeith.com
       Counsel for Plaintiff
       Bascom Research, LLC

    – and –

Jonathan S. Caplan, Esquire (*pro hac vice* pending)
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, N.Y. 10001
Tel: 212-715-9100
Fax: 212-715-8000
Email: JCaplan@kramerlevin.com

Paul J. Andre, Esquire (*pro hac vice* pending)
Lisa Kobialka, Esquire (*pro hac vice* pending)
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, California 94025
Tel: 650-752-1710
Fax: 212-715-8000
Email: PAndre@kramerlevin.com
          LKobialka@kramerlevin.com